FILED
APRIL 15, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
MAR 12 2010
3-12-2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

BRUCE GILES # 20080016005 )
Plaintiff, )
)
-VS- ) COMPLAINT
)
THOMAS DART, ) CIVIL ACTION NO. _____
SHERIFF OF COOK COUNTY Jail. )
SALVADORE GODINEZ, )
EXECUTIVE DIRECTOR OF COOK COUNTY Jail. ) 10 C 1634
M. FIGILIULO, ) Judge Matthew F. Kennelly
SUPERINTENDENT OF DIVISION TEN (10) ) Magistrate Judge Martin C. Ashman
JOHN MUELLER )
PROGRAMS Services, ) Claiming:
CERMAK MENTAL HEALTH SERVICES ) Deliberate Indifference
OF COOK COUNTY. )
) Acting under color of State
Defendants, ) LAW
INDIVIDUALLY AND IN THEIR )
OFFICIAL CAPACITIES. ) JURY TRIAL DEMANDED

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of state law, of rights secured by the Constitution and 1334 (A)(3). Plaintiff seek declaratory relief Pursuant to 28 U.S.C. 2201 and 2202. Plaintiff Claim for injunctive relief are authorized by 28 U.S.C. 2283 and 2284, and rule 65 of the federal rules of civil procedural.

2. The United States District Court for the Northern District is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to claim occurred.

## II.

3. PLAINTIFF, BRUCE GILES, is and at the times mentioned herein a detainee of the state of ILLINOIS, in custody of the Department of Corrections (C.C.D.O.C.) Plaintiff is currently confined in the Cook County Jail (C.C.D.O.C.), in Cook County, State of Illinois.

1.

4. List of all law suits, I have filed in Federal Court in the united States of Illinois. Court in which the law suits was filed Court name and district. NORTHERN DISTRICT OF ILLINOIS.

5. Three law suits still Pending. 1st Bruce Giles VS. CITY OF CHICAGO, et al, CASE NO. 09C3242 Judge Bucklo Magistrate Judge Cole, 2ND TAVARES Hunt, LEE McCorker, Bruce Giles, JOSEH. Romero, GEORGE Cortez VS. THOMAS DART, et. al., CASE NO 09C2071 Judge Matthew Kennelly, Magistrate Judge Martin Ashman. 3RD Bruce Giles -VS- DAVID Fagus, et al. CASE NO. 09C4303, JUDGE KENNELLY, Magistrate Judge ASHMAN.

## III. DEFENDANTS

6. DEFENDANT, THOMAS DART, is the (SHERIFF) of Cook County Jail of the State of Illinois. He's legally responsible for the overall operation of the Department and each institution under its Jurisdiction including (Cook County Jail).

7. DEFENDANT, SALVADORE GODINEZ, is the (EXECUTIVE DIRECTOR) of the Cook County Jail of the State of Illinois. He is legally responsible for the operation of (Cook County Jail). Each and every DIVISION and or Department under its Jurisdiction.

8. DEFENDANT, M. FIGLIULO, is the (SUPERINTENDENT OF DIVISION TEN (10) he is legally responsible for Security and the welfare of all Pre-trial detainees housed in DIVISION Ten (10).

9. DEFENDANT, JOHN MUELLER, is a Supervisor in Programs Services, it is his legal responsibility to process all detainees grievance and forward them to the next level if it cannot be rectified at his level.

10. DEFENDANT, CERMAK MENTAL HEALTH SERVICES, it is their legal responsibility to provide a system of ready access to all MENTAL HEALTH Specialist and Doctors. Also, to provide Programs and treatment and follow up Services for the Mentally ill detainees being housed at the Cook County Jail (C.C.D.O.C.). FACTS

11. On MAY 20, 2008, forty-eight (48) Mentally ill detainees who are Confined at Cook County Department of Corrections, in Cook County, Illinois, housed in DIVISION 8, Residential Treatment Unit (RTU), Which was designed and structured to tend to the Statutory Serious Medical Mental needs of mentally ill detainees. Our living environment was a dorm style setting where all of "us" mentally ill detainees were under direct and Constant, 24 hours per day observation by Sufficiently trained Cook County Department of Corrections Sheriff Police and mental health Specialists.

12. The Residential Treatment Unit (RTU) Division 8 was also equipped with adequate theraputic programs to address and tend to the needs of Mentally ill detainees suffering from mental illnesses. The programs that were available are one-on-one counseling and daily Community Meetings conducted by Mr. Derrick Dunnmore, Mental Services, Cognitive Behavior Therapy and Anger Management Groups conducted by Doctor Gackomonie employed by Cermak Mental Health Services, Alcoholics Anonymous Meetings conducted by Mr. Peter Ellew, Mental Health Services, Meditation Therapy Groups conducted by Ms. Colletti, a Mental Health Specialist employed by Cermak Mental Health Services, Art Therapy Sessions conducted by Ms. Wilson, Art Therapist employed by Cermak Mental Health Services. All of these treatments were community based in a structured environment.

13. It is further stated that on May 20, 2008 while confined in the Cook County Department of Corrections, in Cook County, Illinois in Division 8, Residential Treatment Unit (RTU) at approximately 6:30 PM these same forty-eight (48) detainees were informed by Doctor Jones, Employed by Cermak Mental Health Services, Officer Bojas, Division 8 employed by the Cook County Department of Corrections assigned to the 3 to 11 shift, acting under the supervision of Sergeant Salami and Lieutenant Anderson, both of whom are employed by Cook County Department of Corrections and also assigned to the 3 to 11 shift without notice to immediately gather all of our belongings and that we were being transferred to Division 10, Maximum Security for permanent housing.

14. Upon arrival in Division 10, some detainee were shoved into cells and locked in and informed by officers only known as "Jhon Does" that assisted that night in Div 10, who were employed by Cook County Department of Corrections and that night said we (detainees) are no longer considered "Psych-Classified detainee" and the "Psych program we were accustomed to no longer exists". The abrupt ending to necessary treatment proved to be emotionally and psychologically damaging. As a direct result their had been many fights and disturbance than in the Residential Treatment Unit (RTU). There is now excessive violence and increased anxiety issues among "us" Mentally ill detainees which can be substantiated through Cook County Department of Corrections incident and disciplinary reports.

3.

15. Ever since we detainees were transferred from Division 8 (RTU) to Division 10, Maximum Security not only have the conditions gotten very harsh all of the programs geared towards preventing further deterioration of our mental health have been eliminated. There are absolutely no theraputic programs available whatsoever.

16. The defendants: Tom Dart, Sheriff, Cook County Jail, John Doe, Deputy Sheriff, Cook County Jail, Salvador Gordiney, Director, Cook County Jail has created a self-perpetuating situation in which detainees have their mental state deteriorated further due to lack of proper mental health care and guidance. The defendants acted with <u>deliberate indifference</u> by moving "us" detainees from Division 8 (RTU), a structured environment to Division 10, an unstructed and very harsh environment with absolutely no theraputic programs available.

17. The defendants: Tom Dart, Sheriff of Cook County Jail, and Salvador Gordiney, executive Director of Cook County Jail has failed to properly administer Mental health treatment in a consistent and continous manner nothing that there was no effective plan for transition from Division 8 (RTU) to Division 10. "Us" Mentally ill detainee were moved with no plan available whatsoever for contined mental health care. Because of this failure on the defendants part the psychological state of detainees has been deteriorating rapidly day-by-day.

18. The defendant failed to staff the new psychological tiers in Division (10), a Maximum Security division with psych-trained officer. This lack of training has put every mentally ill pre-trial detainee housed there in danger of serious physical and mental harm, because these officers do not understand the serious mental needs of the detainees being housed here. This has resulted in increased excessive force by these officer and severe mental distress amongst the mentally ill pre-trail detainees and they promote violence amongst the detainees letting them fight each other only to come and then beat them. When if properly trained they would defuse the situation. The defendants not having psych-trained officers available 24 hours per day to properly identify and supervise mentally ill pre-trial detainees being housed in Division 10 on all 3 shifts 24 hours per day. Which some mentally ill detainees are suicidal. This is an inadequate mental health programs.

19. The Plaintiff in this civil action is experiencing increased stress levels, sleep deprivation, agitation, headaches, depression, nausea and overall increased tensions. Due to lack of Mental health programs and extremely harsh living conditions.

20. The defendants: Tom Dart, Sheriff Cook County Jail, Salvadore Gordinez, executive Director Cook County Jail, M. Figliulo, Superintendent of Division 10 has placed "us" detainees into unsanitized, filthy, rodent and insect infested cells. The cell floors are extremely dusty and dirty. The walls in each cell are covered with black soot from years of previous detainees burning and unknown material to heat water and cook food totally uncontested by Jail Authorities. The toilets which are in very close proximity to our beds are unsanitized and discolored due to lack of cleaning supplies and lack of times when cell doors are open and "us" detainees are premitted to clean our respective cells.

4.

The entire tier were I was housed at the time in Division 10 was infested with mice and roaches that are allowed to roam freely. The mice and roaches have on numerous occasions climebed into Plantiffs Property boxes damaging commissary items. Mice and roaches spread germs and diseases that could easily be contracted by "us" detainees, Cook County Department of Corrections has failed to control further infestation. It is further stated that "us" Mentally ill detainees have been placed in an inadequate living environment that does not statutorily tend to the needs of Mentally ill detainees.

21. Heavily Medicated Mentally ill detainees are forced out of their cells 12 hours a day, 7 days a week and left with no other alternative but to sleep on cold concrete floors, steel benches and steel tables. The over all conditions "us" detainees have been placed in are extremely harsh and very unsafe, placing all of "us" detainees at serious risk of harm. (See Exhibit A)

22. Defendant J. Mueller, Clinical Services Supervisor has taken Plaintiffs grievances missed handled them destoryed them or refuse to process them or converted them into requests in order to avoid issuance of a control number preventing Plaintiffs grievance from being properly processed according to the Cook County Department of Corrections grievance procedures. (See Exhibit B)

23. The defendants, Tom Dart, Sheriff Cook County Jail, Salvadore Godeniz, Executive Director, Cook County Jail, M. Figuarlo, Superintendent, Division 10, Cook County Jail, on July 25 2008, have further split the psych-population between two Division (division 2 and division 10 based on detainee security classifications (Minimum, Medium, Maximum) disreguarding mentally ill detainees serious Mental health needs. For the Seventeen (17) plus years prior to July 25, 2008, security classification never mattered, Mentally-ill detainees co-existed amongst each other and were treated equally based on their needs for psychological treatment exclusively. Currently, the defendants are making medical decisions based on non-medical factors.

24. Upon information and belief on 6/4/2008, officer Cashen, 7 to 3 shift Division 10, stated "he as been an employee here for 10 years and there has consistently been a problem with sanitation, clean linen and regular clothing exchange on schedule in Division 10". To this date March 5-2010, they don't ever change blankets or give us cleaning supplies. Officer Cashen on the date of 6/4/2008 also stated "the linen they do have is in terrible shape the contracted laundry company never sends the correct amount of uniforms back nor is there ever enough disinfectant available to properly sanitize the living tiers". "rodents and insects are a common part of every day life here in Cook County Jail."

25. I have irritation and itchiness of the skin from who knows what. Due to the lack of cleaning supplies to clean our cells, or blankets being filthy, the worst thing of all with no medical care. All they could say is this aint a emergency get used to it, its Cook County Jail, by nurse Price this is now March 5-2010.

5

26. Upon information and belief on 7/1/2008 Superintendent Figuarolo stated that he "did not care about all the detainees sleeping on the floor this is fine with me as long as they are not dead".

27. Upon information and belief on 6/4/2008 John Doe came to the tier were I was housed at the time and ask that we "stop filing grievance this is Jail and it is what it is!".

## EXHAUSTION OF LEGAL REMEDIES

28. Plantiff: BRUCE GILES, used the grievance Procedure available at the Cook County Department of Corrections to try and solve Multiple Problems. The large Majority of the Plantiff grievance were either destoryed or never Processed or Processed as requests therefore taking away Plaintiff rights and/or any opportunity to appeal the decisions. The grievances that were given control numbers were appealed and denied by the administration. Plaintiff in this civil action have exhausted all of our remedies available at the Cook County Department of Corrections to "NO Avail"!.

## CAUSE OF ACTION

29. The Plaintiff reallege and incorporate by reference Pararaphs 11-27

30. The defendants: Thomas Dart and Salvadore Godinez Exercised Deliberate Indifference in that they made Many Medical decisions based on non Medical factors when they moved Plaintiff and other Mentally ill Pretrial detainees from the Residential Treatment Unit (RTU), Division 8, (where Plaintiff were receiving treatment for various Mental illnesses and were involved in many theraputic groups as well as living in a dorm style setting with Properly Psych-trained officers and other appropriately trained staff available 24 hours a day, 7 days a week) to Maximum Security Division 10 which lacks said services. The RTU environment was very conducive and geared towards rehabilitation and Safe housing of Mentally ill Pretrial detainees. Plaintiff are now housed in Division 10, Maximum security behind cell doors with no theraputic Programs and very unsanitary conditions as well as no Psych-trained officers available on all 3 shifts 24 hours a day to address the needs of Mentally ill detainee. The defendants have made numerous Medical decisions concerning Mentally ill Pretrial detainees housing and treatment despite having prior knowledge from medical professionals that Division 10 was unsafe and not theraputic for Mentally ill detainees. Plaintiff have experience increased anxieties, increased depression, suppressed appetites, headaches, nausea, Sleep deprivation and increased violence amongst each other all because of defendants' Deliberate Indifference to to the Plaintiffs' right under the 14th Amendment of the U.S. Constitution as Article 1, Section 2 of the State of Illinois Constitution. Citing Langley vs. Coughlin, 709 F. Supp. 482, 483-85 (S.D. N.Y. 1989 and Harrington V. Devito, 74-C-3290 (W.D. ILL. C.C.T. 19. 1978).

31. The defendant, M. Figiulo exercised Deliberate Indifference in further segregating Pretrial detainees deagnosed a acute Psych Patients according to their Security classification (Maximum, Medium, Minimum) Moving Minimum and Medium Security Classified Mentally ill Pretrial detainees to DIVISION 2, a dorm style setting, but continuing to house Plaintiff and other acute Psych Pretrial detainees classified as Maximum Security in DIVISION 10, behind cell doors Placing Maximum Security Mentally ill Pretrial detainee at Serious risk of harm. For 17 years Prior to Segregating Mentally ill Pretrial detainees Plaintiff Security Classification never mattered as the Plaintiff' Serious medical needs came first and foremost. Regardless of Security Classifications Plaintiff and all other Mentally ill Pretrial detainee coexisted together which is an essential component of an adequate Psych Care unit. This indicates that there is a prevailing custom, If not Policy, or Practice, of ignoring the Serious Psychological needs and unconstitutional rights of Plaintiff and others, which is contrary to the rights afforded the Plaintiff under the 14th Amendment of the U.S. Constitution and Article 1 Section 2 of the State of Illinois Constitution.

32. The defendant, M. Figiulo Exercised Deliberate Indifference in that they failed to staff tiers housing Mentally ill detainees with psych trained officers who are qualified to address the needs and Psychological issues of mentally ill. Not having psych trained officer available 24 hours a day, on all 3 shifts, 7 days a week does not constitute a Proper System that can identify, treat and supervise Mentally ill detainees whom may be suicidal which is part of an adequate Mental health Program. Currently, all Mentally ill Pretrial detainees are at Serious RISK OF HARM which violates the right afforded the Plaintiff under the 14th Amendment of the U.S. Constitution and Article 1 Section 2 of the State of Illinois Constitution.

33. The defendant M. Figiulo exercised Deliberate Indifference in that they are currently housing Mentally ill Pretrial detainee in an inadequate Mental health Facility Forcing heavily Medicated Mentally ill Pretrial detainee to sleep on cold concrete floors, steel table and steel benches by locking Plaintiff and others out of their assigned cells 12 hours a day. This has attributed to the steady deteriorating of the Mental health of ALL Mentally ill Pretrial detainee... This Violates the Plaintiff Right under the 14th Amendment of the U.S. Constitution the Article 1 Section 2 of the State of Illinois Constitution.

34. The defendant, M. Figiulo exercised Deliberate Indifference in that they are currently housing Plaintiff and others in filthy, unsanitized and rodent and insect infested cells and living units. Rats, Mice and roaches are allowed to roam freely throughout the tiers. Rat and Mice droppings are common on the floors where Mentally ill Pretrial detainee are force to sleep after being Medicated. Mentally ill Pretrial detainees are not allowed to possess Sanitation supplies and there is not a System available for detainees to Sanitize their respective cells. The cell walls are covered with black soot and the floor are extremely dusty and dirty. The defendants have a legal responsibility to house Pretrial detainees in an adequately Sanitized environment free of rats, Mice and roaches. Having failed to do so constitutes a Violation under the 14th Amendment of the U.S. Constitution and Article 1 Section 2 of the State of ILLINOIS Constitution citing: Sharpe vs. City of Lewisburt, 9, Tenn. 677 F. Supp 1362, 1362, 1367-68 (MD tenn. 1988).

35. The defendant, John Mueller, a Supervisor in the Program Services Department. It being his legal responsibility to process detainee grievances and forward them to the next level if the grievance cannot be rectified at his level. His actions in that he took and treated Several of Plaintiff grievance pertaining to Psychiatric Care and treatment Programs as a request therefore denying the Plaintiff's rights to appeal a decision or a response that did not solve their issues. The intentional Mismanagement of detainee grievance constitutes a Deliberate Indifference to the Plaintiff's rights under the 14th Amendment of the U.S. Constitution as well as Article 1 Section 2 of the State of Illinois Constitution a violation of Plaintiff due process and equal Protection of the law.

36. The defendants, Cermak Mental Health Services exercised Deliberate Indifference in failing in their legal responsibilities to Provide Mentally ill Pretrial detainee with adequate mental health care and adequate Suicide prevention that complies with Constitutional standards. Currently, allowing their Patients and Plaintiff to be housed in an inadequate Mental health environment locked behind cell doors with no cameras or intercom system therefore Placing Mentally ill Pretrial detainee at a very serious risk of harm. A large Majority of Mentally ill Pretrial detainee currently housed in Division 10 and under the care of Cermak Mental Health Services have an extensive history of Prior Suicide attempts. The current Suicide Policy implemented by Cermak Mental Services fails to ensure appropriate Management of Suicidal detainees and also lacks Major components of an adequate Suicide Prevention Program. There were two Suicides committed at the Cook County Jail within 30 days of each other between 14 March 2008 and 14 April 2008. Mentally ill Pretrial detainee routinely do not receive Medications as prescribed or have lapses in Medication administration. Cermak Mental Health Services does not administer routine lab work, Weights, Measurements or Screening to check Medication levels in the blood of Mentally ill Pretrial detainees which constitutes an inadequate Mental health care Program. Cermak Mental Health Services has also recently experienced Major cuts in Staffing resulting in an inadequate number of Psych trained Staff available to Provide Mental health care and theraputic Programs to Plaintiff and other Mentally ill detainees thus failing in their legal responsibilities to Provide Mental ill Pretrial detainees with adequate Mental health care required by law. This pattern clearly establishes a Callous, wanton and Deliberate Indifference and also violates the Plaintiff rights under the 14th Amendment of the U.S. Constitution as well as Article 1, Section 2 of the State of Illinois Constitution.

37. The Plaintiff has no Plain, adequate or complete remedy at law to redress the wrong described herein. Plaintiff have been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injuctive relief which Plaintiff Seeks.

10.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court helps to right the wrongs of the defendants, that the Plaintiff have become a victim of. The Plaintiff prays that this Court enter a Judgement granting the following:

A declaration that the acts and omissions described herein violated the Plaintiff rights under the Constitution and law of the United States.

A Preliminary and Permanent injunction ordering the defendants, Thomas Dart, (Sheriff of Cook County Department of Corrections), Salvadore Godinez, (Executive Director of C.C. DOC). To stop making medical decisions based on none medical factors. Such as criminal classification of the Plaintiff and other Mentally-ill Pre trial detainee being housed at the Cook County Jail. And futher more Place the Plaintiff and all other Mentally ill Pretrial detainees back into a dorm style housing unit that allows for the programing and group interaction with the Mental health Specialist and others that are hired to assist in their treatment as was the case while they were being housed in division eight R.T.U (Residential Treatment unit). As opposed to division ten where they are presently housed Which is a Maximum security tier setting that puts the Plaintiff and other Mentally-ill Pretrial detainee in cell behind locked doors with no appropriate way to supervise, treat or identify if they are suicidal or not. This type of environment may encourage some Mentally-ill Pretrial detainees as well as Plaintiff to commit Suide or bring upon them suicidal thoughts. Which places Plaintiff and all Mentally-ill detainees at risk of harming themselves or others. And by not having sheriffs deputies that are trained in dealing with or how to supervise and or identify if they are having a psychotropic crisis that would warrant a Psychological evaluation to prevent a possible suicide attempt or harm to others. Places the lives of the Plaintiff at risk on all three shifts twenty four hours a day. That was Pointed out by the Department of Justice Seventeen month investigation of the Jail during which time their were two suicides committed from March of 2008 to April of 2008, of Mentally-ill Pretrial detainees that were placed in a Maximum security division behind locked cell doors and without adequate supervision as is the case here in division ten poor supervision among other things. The Plaintiff ask for injunctive relief to stop the division ten staff from forcing the heavily medicated Mentally-ill from being forced to sleep on the concrete floor Where the rats, mice and roach run freely on a daily basis in the dayroom of various tiers throughout the division. The Plaintiff have suffered irrepairable psychological damage at the hands of the defendants and it will continue unless this injunction is granted.

11.

Hold Thomas Dart, Salvadore Godinez, M. Fgiliulo, J. Meuller and Cermak Mental Health Services jointly and severably liable for damages to Plaintiff as a result of their constitutional deprivations, inhumane incarceration and endured hardships according to the following:

A). Compensatory damages in the amount of $400,000.00 against each defendant, jointly and severally

B). Punitive damage in the amount of $200,000.00 against each defendant.

C). A trial by jury on all tryable issues.

D). Plaintiff cost in this law suit.

E). Reasonable attorney's fee if applicable

F). Any additional relief that this court deems necessary.

Date: March 7, 2010

RESPECTFULLY SUBMITTED,

_Bruce Giles_
BRUCE GILES
20080016005
P.O. BOX - 089002
CHICAGO, IL 60608

12.

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief and, as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Cook County Department of Corrections in the City of Chicago, and the State of ILLINOIS on 7 March 2010.

*Bruce Giles*
BRUCE GILES



# John Howard Association of Illinois

300 West Adams Street, Suite 423 Chicago, IL 60606
Tel. 312-782-1901 Fax. 312-782-1902 www.john-howard.org

September 4, 2008

Bruce Giles
#2008 001 6005
P.O. Box 089002
Chicago, IL 60608

Dear Mr. Giles,

We received your letter dated August 16, 2008 regarding conditions at Cook County Jail.

You stated that you are supposed to be on the "psych deck" and were previously housed in Division VIII, where the conditions were more suitable to your needs. You complained that detainees are sleeping in the day room. Having the detainees with psychiatric needs in the day room is an effort to provide supervision similar to what was available in Division VIII.

The JHA is working with Cook County Jail to ensure that the needs of inmates previously housed in Division VIII are being met in other divisions.

Sincerely,

Charles A. Fasano, Director
Prisons and Jails Program

Part-A / Control #: _____X_____

Referred To: Supt Div-10

☐ Processed as a request.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: **Giles** First Name: **Bruce**

ID #: **2008-0016005** Div.: **10** Living Unit: **4C** Date: **6/10/09**

BRIEF SUMMARY OF THE COMPLAINT: Pretrial detainees are not being free of discrimination on the account of Mental ill diabilities. Are on lockdown for the cover up, of officers unnecessary Actions! This is increasing stress, anxiety, sleep deprivation, agitation, headaches, depression over all increase the risk of such suicides. Other serious complaint failure or don't have properly trained psych officers. And the records will show due to a very serious incident that occured on the date 6-9-09. Which resulted by improperly trained officers in a extreme explosion, by numerous officers who used vicious exccessive force and high levels of brutality when numerous of detainess witnessed and heard crystal clear, the expression by offic. "Kill him!" A detainee! This! No matter what is so, so wrong! I refuse to not let this be known to higher Authoritys. Hope "no retaliations are done!" I will file complaints

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: numerous detainees (4C) and officer in 2nd shift. Officer Guzik did not like it!

ACTION THAT YOU ARE REQUESTING: Something done about this numerous violations by officers, ASAP!

DETAINEE SIGNATURE: **Bruce Giles**

C.R.W.'S SIGNATURE: Soc Worker Dean  DATE C.R.W. RECEIVED: **6/16/09**

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)  (YELLOW COPY – C.R.W.)  (PINK COPY – DETAINEE)  (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

26

| C.C.D.O.C. DETAINEE GRIEVANCE FORM PROCESSED AS A REQUEST |
|---|

*Please Note :*
- *If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.*
- *When processed as a request, an appeal of the response and/or action taken cannot be made.*
- *When processed as a request, PART-B is not applicable.*

**Detainee's Last Name:** Giles  **First Name:** Bruce

**ID#:** 2008-80/6005  **Div:** 10  **Tier/LivingUnit:** 4C

**Date of Request:** 6/10/09  **Date C.R.W. Received Request:** 6/16/09

**This request has been processed by:** Soc Worker Dean  C.R.W.

**Summary of Request:**

Detainee would like officers to be more professional

**Response and/or Action Taken:**

INMATES ALLAGATIONS HAVE NO MERIT. DIV-10 HAS PROPERLY TRAINED STAFF TO WORK IN DIVISION TEN AND TRAINING IS ALWAYS ON-GOING. ALL INCIDENTS ARE REVIEWED AND AT NO TIME HAS R/SUPT FOUND ANY STAFF TO HAVE USED EXCESSIVE FORCE OR ANY BRUTALITY. INMATES ARE ALLOWED OF CELLS IN EXCESS OF ILL JAIL STANDARDS.

SUPT MILLER
(Print- name of individual responding)

[signature]
(Signature of individual responding)

**Date:** 6/14/09  **Div./Dept.** X